CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 3 0 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WALTER HARRIS, ) | |
|     Plaintiff, ) | Civil Action No. 7:07-cv-00382 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WARDEN J.D. TERRY, ) | By: Hon. Glen E. Conrad |
|     Defendant. ) | United States District Judge |

Plaintiff Walter Harris, an inmate at the Botetourt Correctional Center in Troutville, Virginia, has filed a <u>pro se</u> civil rights action pursuant to 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. Upon consideration of the complaint, it is clear that plaintiff did not exhaust all available grievance procedures. Accordingly, plaintiff's claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

## I. Factual Summary

Plaintiff alleges three claims. First, he claims that he is "housed in a dormitory environment with 87 other inmates" where he is "forced to use an open shower and toilet felicity [sic] that is in plain view sight of female staff at Botetourt. Second, he claims that he is "force[d] to live, sleep and eat in the same dormitory among two domestic flea carrying dogs who I am afraid of, and who often get sick." Third, he claims that the Warden refuses to rectify certain prison conditions, specifically "black mold (fungus) . . . found around floor boards of shower area in said dormitory" and "exhaust fans . . . in need of repair." Plaintiff seeks the following relief: "a transfer from here (Botetourt) without the threat of losing any of my earn [sic] good time and then a complete correction . . . of all the above claims."

With his complaint, plaintiff has submitted a verified statement, acknowledging the requirements regarding the exhaustion of administrative remedies as outlined in 42 U.S.C. § 1997e, and stating that "[t]here are no administrative remedies available to me at this time . . . because the issue I raise is nongrievable."*

---

* Plaintiff highlighted the words "because the issue I raise is nongrievable."

## II. Analysis

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

In his complaint, plaintiff states that he did not exhaust all available administrative remedies before filing his complaint. Generally, inmates have a grievance procedure available that includes the following steps: an informal complaint; a regular grievance; and one or two levels of appeal, depending on the type of claim raised. Plaintiff clearly states that he has not filed grievances regarding the issues raised in his complaint. The court is not persuaded by plaintiff's assertion that the issues he raises are nongrievable; indeed, the court takes judicial notice that such claims are grievable via the administrative remedies procedure. Because plaintiff has not fully exhausted all available administrative remedies regarding his current claims, the court will dismiss these claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 29th day of August, 2007.

*/s/ Signature*

United States District Judge

2